```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA


THOMAS R. BERGBIGLER, JR.,     )
          Plaintiff,           )
                               )
     vs.                       ) Civil Action No. 05-957
                               ) Judge Terrence F. McVerry
BUTLER COUNTY PRISON; BUTLER   ) Magistrate Judge Amy Reynolds Hay
COUNTY PRISON MEDICARE STAFF   )
COOP DOCTOR; SGT. JOHN HOGAN;  )
CAPT. DAVE WILLIAMS,           )
          Defendants.          )
```

MEMORANDUM AND ORDER

Presently before this Court is plaintiff's motion for the appointment of counsel which requires the Court to determine whether or not, under the facts and circumstances of this case, the Court should exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1) and request an attorney to represent plaintiff in the prosecution of this action.

The plaintiff, Thomas R. Bergbigler, an inmate at the State Correctional Institution at Huntingdon, has presented a civil rights complaint which he has been granted leave to prosecute without prepayment of costs against Butler County Prison, Butler County Prison Medical Staff Coop, Sgt. John Hogan, Capt. Dave Williams, Warden Gigliotti and Dr. Simmon Wilcox. In his complaint, plaintiff alleges that Warden Gigliotti has ignored and condoned the overcrowding and unsanitary conditions at the Butler County Prison and the fact that his staff engages in cruel and unusual punishment; that Dr. Wilcox ignored

plaintiff's symptoms and failed to take a necessary culture which resulted in him developing an ulcer in his left nostril from a staph infection; that Captain Williams engaged in cruel and unusual punishment by using food as punishment, pulling plaintiff out of his cell and slamming him against the bars while three other officers held him there, and by ignoring the sewage on the floor after a flood; that Sergeant Hogan engaged in cruel and unusual punishment by ignoring the sewage on the floor and by failing to intervene when Williams abused him.  Plaintiff also alleges that Captain Williams confiscated the property of eighteen inmates without due process of law and that Hogan agreed to the taking.  These facts are said to state a cause of action under the provisions of 42 U.S.C. § 1983.

In considering a motion for the appointment of counsel, the Court must determine whether or not to request counsel to represent this indigent litigant under the provisions of 28 U.S.C. § 1915(e)(1), fully recognizing that if successful counsel may be entitled to recover fees under the provisions of Section 1988 of Title 42, United States Code.  Section 1915(e)(1) gives the Court broad discretion to determine whether appointment of counsel is warranted, and that determination must be made on a case-by-case basis.  Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

As a threshold matter the district court should consider whether the plaintiff's claim has arguable merit in fact or law. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). See Tabron v. Grace, 6 F.3d at 155. If the court determines that the claim has some merit, the court should then consider the following factors:

1.  the plaintiff's ability to present his or her own case;

2.  the complexity of the legal issues;

3.  the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

4.  the amount the case is likely to turn on credibility determinations;

5.  whether the case will require the testimony of expert witnesses; and

6.  whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, supra. "The list of factors is not exhaustive, but instead should serve as a guidepost for the district courts. Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id. at 458.

After careful consideration of plaintiff's allegations, it would appear that the appointment of counsel is not warranted and, therefore, we will not exercise our discretion.

Initially, it does not appear with any degree of certainty that plaintiff is setting forth a factual basis which demonstrates that he will ultimately prevail on the merits. Nevertheless, in considering factors one and two – the litigant's ability to present his case and the difficulty of the legal issues involved – it is clear that the issues presented in the complaint are neither difficult nor complex, and nothing in the record indicates that plaintiff is incapable of presenting his case.  Similarly, the third consideration – the degree to which factual investigation will be necessary and plaintiff's ability to conduct such investigation – does not weigh in favor of the appointment of counsel since plaintiff's case would basically rely on his testimony and little factual investigation appears necessary.

Further, while it may be that the credibility of witnesses will be at issue in the case, it does not appear that the case will become a "swearing contest" nor does it appear that proper adjudication will require the testimony of expert witnesses.  Indeed, the only factor that seemingly weighs in plaintiff's favor is the fact that he would be unable to afford to retain counsel on his own behalf as evidenced by his having

requested and been granted *in forma pauperis* status.  This factor alone, however, does not entitle plaintiff to appointed counsel but should be considered only when the other factors weigh in plaintiff's favor.

We do not intimate that plaintiff would not benefit from the appointment of counsel, but rather it appears that the appointment of counsel will not materially aid justice to such a degree as to warrant the exercise of our discretion.  Thus, until such time as a showing is made that the interests of justice require our exercise of discretion, we decline to do so.  <u>See</u> <u>Lassiter v. Dept. Social Services</u>, 452 U.S. 18 (1981).

An appropriate Order will be entered.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
THOMAS R. BERGBIGLER, JR.,       )
          Plaintiff,             )
                                 )
    vs.                          ) Civil Action No. 05-957
                                 ) Judge Terrence F. McVerry
BUTLER COUNTY PRISON; BUTLER     ) Magistrate Judge Amy Reynolds Hay
COUNTY PRISON MEDICARE STAFF     )
COOP DOCTOR; SGT. JOHN HOGAN;    )
CAPT. DAVE WILLIAMS,             )
          Defendants.            )
```

ORDER

AND NOW, this 20th day of June, 2006,

IT IS ORDERED that plaintiff's request for the appointment of counsel is hereby denied without prejudice.

IT IS FURTHER ORDERED that if plaintiff desires review of this Order by the District Judge to whom this case is assigned he must, within ten (10) days of this date, file an application with the Clerk of Court.  Failure to do so will waive the right to appeal.  Siers v. Morrash, 700 F.2d 113 (3d Cir. 1983).

                                   /s/ Amy Reynolds Hay
                                   AMY REYNOLDS HAY
                                   United States Magistrate Judge

cc:  Thomas R. Bergbigler, Jr.
     GD-7259
     SCI Huntingdon
     1100 Pike Street
     Huntingdon, PA 16654-1112

     Suzanne B. Merrick, Esq.
     THOMAS, THOMAS & HAFER
     One Oxford Centre

```
301 Grant Street
Suite 1150
Pittsburgh, PA 15219

John R. Ninosky, Esq.
JOHNSON, DUFFIE, STEWART & WEIDNER
301 Market Street
P.O. Box 109
Lemoyne, PA 17043-0109
```